# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CARL BROCK WALKER,** | ) | |
| Plaintiff, | ) ) | Case No. 7:18CV00572 |
| v. | ) ) ) | **OPINION** |
| **DUFFIELD REGIONAL JAIL,** | ) ) ) ) | By: James P. Jones<br>United States District Judge |
| Defendant. | ) | |

*Carl Brock Walker, Pro Se Plaintiff.*

The plaintiff, Carl Brock Walker, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he did not receive appropriate medical care for an injury he suffered while incarcerated at a local regional jail. Compl. 2, ECF No. 1. Upon review of the Complaint, I conclude that the action must be summarily dismissed.

Walker's allegations are terse. "My thumb had broke. [T]hey refused to fix it after I seen doctor/nurse. They stated it was not broken, only dislocated & I didn['t] get any treatment in over a week." *Id.* at 2. As relief, Walker seeks monetary damages from the jail.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is

frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The only entity that Walker names as a defendant to his § 1983 claims is the jail itself. The jail, however, is not a "person" subject to suit under § 1983. *McCoy v. Chesapeake Corr. Center*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992).

Because Walker's complaint presents no legal basis for a claim actionable under § 1983 against the only defendant he has named, the court will summarily dismiss this action without prejudice under § 1997e(c)(1) as frivolous.[1] Dismissal

---

[1] Moreover, Walker's allegations do not appear to state an actionable claim against anyone at the jail. To prove that denial of medical care in jail violated his constitutional rights, an inmate must show that the defendants acted with "[d]eliberate indifference to [his] serious medical needs." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "[O]fficials evince deliberate indifference by acting intentionally to delay or deny the prisoner access to adequate medical care or by ignoring an inmate's known serious medical needs." *Sharpe v. S.C. Dep't of Corr.*, 621 F. App'x 732, 733 (4th Cir. 2015) (unpublished). Deliberate indifference requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Questions of medical judgment are not subject to

without prejudice leaves Walker free to refile his § 1983 claims in a new and separate civil action, if he so desires, provided that the new lawsuit names as the defendant a person subject to suit under § 1983.

A separate Order will be entered herewith.

DATED: December 19, 2018

/s/ James P. Jones
United States District Judge

---

judicial review." *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). Walker's allegations suggest, at most, his disagreement with the timing of his appointment with the doctor and with the medical determination that he had suffered a dislocation and not a fracture of his thumb. Such disagreements between the medical staff and the inmate do not support a § 1983 claim of deliberate indifference to a serious medical need for different treatment than what was provided.